NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 15-1406

_____

VINCENT LIONEL BENJAMIN, et al.;
* TERRI L. GRIFFITHS,

Appellant

v.

V.I. PORT AUTHORITY; KENN HOBSON, in their official capacity;
CASSAN PANCHAM, in their official capacity; VIRGIN ISLANDS ECONOMIC
DEVELOPMENT AUTHORITY; ECONOMIC DEVELOPEMENT COMMISSION;
PERCIVIL CLOUDEN, Chief Executive Officer, in his official capacity;
RITZ-CARLTON VIRGIN ISLANDS INC.; MARRIOTT INTERNATIONAL, INC.;
KELLY TOURS, INC.; RITZ CARLTON CLUB; PLANTATION BAY LLC;
CANEEL BAY, INC.; CBI ACQUISTITIONS, d/b/a CANEEL BAY, A Rosewood
Resort; ROSEWOOD HOTELS & RESORTS LLC; STARWOOD HOTELS &
RESORTS WORLDWIDE, INC., d/b/a WESTIN RESORT; WINDRIDGE, INC., d/b/a
WINDSPREE; MCLAUGHLIN ANDERSON VILLA RENTALS;
VIRGIN ISLANDS HOTEL AND TOURISM ASSOCIATION,
f/k/a ST. THOMAS AND ST. JOHN HOTEL ASSOCIATION;
WHEATLEY TAXI SERVICE AND TOURS; FREDDY LETTSOME,
d/b/a DYNAMIC TOURS; ALEX BORDEAUX; MCLAUGHLIN ANDERSON
VACATIONS, LTD.; NANCY ANDERSON; MCANDERSON REAL ESTATE, INC.;
EAST END OPERATIONS, INC., d/b/a EAST END TAX ASSOCIATION

*(Pursuant to Rule 12(a), F.R.A.P.)

Nos. 15-3496 & 15-3497

VINCENT LIONEL BENJAMIN, et al

v.

V.I. PORT AUTHORITY; KENN HOBSON, in their official capacity;
CASSAN PANCHAM, in their official capacity; VIRGIN ISLANDS ECONOMIC
DEVELOPMENT AUTHORITY; ECONOMIC DEVELOPEMENT COMMISSION;
PERCIVIL CLOUDEN, Chief Executive Officer, in his official capacity;
RITZ-CARLTON VIRGIN ISLANDS INC.; MARRIOTT INTERNATIONAL, INC.;
KELLY TOURS, INC.; RITZ CARLTON CLUB; PLANTATION BAY LLC;
CANEEL BAY, INC.; CBI ACQUISTITIONS, d/b/a CANEEL BAY, A Rosewood
Resort; ROSEWOOD HOTELS & RESORTS LLC; STARWOOD HOTELS &
RESORTS WORLDWIDE, INC., d/b/a WESTIN RESORT; WINDRIDGE, INC., d/b/a
WINDSPREE; MCLAUGHLIN ANDERSON VILLA RENTALS;
VIRGIN ISLANDS HOTEL AND TOURISM ASSOCIATION,
f/k/a ST. THOMAS AND ST. JOHN HOTEL ASSOCIATION;
WHEATLEY TAXI SERVICE AND TOURS; FREDDY LETTSOME,
d/b/a DYNAMIC TOURS; ALEX BORDEAUX; MCLAUGHLIN ANDERSON
VACATIONS, LTD.; NANCY ANDERSON; MCANDERSON REAL ESTATE, INC.;
EAST END OPERATIONS, INC., d/b/a EAST END TAX ASSOCIATIONN;
WESTIN ST. JOHN HOTEL COMPANY INC., d/b/d WESTIN RESORT ST. JOHN

Virgin Islands Taxi Association (VITA), Desmond Casimir, Leo Casimir,
Joseph Frederick, Albert Knight, Winston Parker, Kelvin Peters,
Jermaine Petty, George Richardson, Benoit Stuart, Vincent Walters,
Michael Williams and Julia Percival, Personal Representative for the
Estate of Errol Percival,

Appellants in No. 15-3496

Kerry Harrigan, Dr. Thomas E. Donoghue, as the Personal
Representative of Patrick Roach, Junior Richardson and
Stetson Richardson,

Appellants in No. 15-3497

2

Appeal from the District Court of the Virgin Islands
(D.C. No. 08-cv-00142)
District Judge: Honorable Juan R. Sanchez

_____

Appeal No. 15-1406 Argued on December 8, 2015
Appeals Nos. 15-3496 & 15-3497 Submitted under
Third Circuit LAR 34.1(a) on July 27, 2016

Before: *FISHER, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 27, 2017)


Terri L. Griffiths, Esq.          (**Argued**)
P.O. Box 8647
St. Thomas, VI 00801

        Counsel for Appellants in No 15-1406

_____

OPINION[**]

_____

ROTH, <u>Circuit Judge</u>

Attorneys representing the Virgin Islands Taxi Association (VITA) and sixty-seven individual taxi drivers brought an action in the District Court of the Virgin Islands against the Virgin Islands Port Authority and various other defendants, including hotels and another taxi company, for violating the exclusive taxi concession at Cyril E. King

_____

[*] The Honorable D. Michael Fisher assumed senior status on February 1, 2017.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

Airport on St. Thomas. The District Court dismissed VITA's claims and the claims of three individual drivers because the attorneys lacked authorization to file suit on behalf of VITA or the drivers, while the claims of the remaining drivers were dismissed for failure to prosecute. As this dismissal was being adjudicated by the District Court, Terri Griffiths, one of VITA's attorneys, appealed an order denying her motion to withdraw as counsel. We will affirm the District Court's dismissal of all claims, and we will consequently dismiss as moot Griffiths' appeal of the order denying her motion withdraw.

## I.

A Virgin Islands statute passed in 1986 granted VITA an exclusive concession at Cyril E. King Airport to provide taxi service to persons leaving the airport. The Virgin Islands Port Authority, which manages the airport, was responsible for enforcing the concession by redirecting non-VITA ground transportation. The concession had a ten-year term with an option to renew for an additional ten-year term, beginning with VITA's acceptance of the concession in 1987. The concession was renewed in 1997, and it expired in 2007 after two ten-year terms. In 2012, VITA was granted a new concession by a statute that mirrored the 1987 concession.

In 2008, Griffiths entered an appearance in the District Court of the Virgin Islands on behalf of VITA in an action against the VI Port Authority.[1] Griffiths was directed to file the lawsuit by a litigation committee created by VITA's nine-member board.

---

[1] A lawsuit based on the same facts was filed in Virgin Islands Superior Court in 1997. Those proceedings have been stayed pending a resolution in this case.

Allegedly, the litigation committee was created after certain VITA board members with business ties to the defendants leaked materials related to the District Court action. The amended complaint names six board members of VITA as defendants. Another attorney, Lee Rohn, was brought on as co-counsel at the time the lawsuit was filed. In 2009, the case was stayed, pending a determination as to whether Griffiths was authorized to bring a lawsuit on behalf of VITA.

A VITA corporate resolution dated March 2, 2015, stated that Griffiths had withdrawn from representation and that VITA would retain Rohn as legal counsel for the District Court case. The same resolution also sought to ratify the litigation committee's grant of authorization to file the District Court case. On March 30, the District Court held oral argument on the issue of whether the lawsuit had been properly authorized. Rohn submitted an appearance on behalf of VITA and three individual plaintiffs. Following oral argument, the District Court dismissed all claims. Rohn appeals on behalf of VITA and twelve individually named plaintiffs, while Griffiths appeals on behalf of four individually named plaintiffs.

## II.[2]

On appeal, Rohn argues that the District Court erred in determining that she and Griffiths did not have authority to file suit on behalf of VITA and three of the individually named plaintiffs. Both Rohn and Griffiths further argue that the District Court erred in dismissing the remaining plaintiffs' claims for failure to prosecute.

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## A.

We will first address whether dismissal of VITA's claims, as well as the claims of the three individually named plaintiffs, was proper. We interpret the District Court's dismissal of VITA's and the three individual plaintiffs' claims as a dismissal for lack of standing. Our review over questions of standing is plenary.[3]

In dismissing VITA's claims, the District Court made three determinations: first, that the litigation committee did not have authority to direct Griffiths to file a lawsuit in 2008; second, that VITA did not otherwise authorize the suit at the time it was filed; and third, that any attempts by VITA to ratify the District Court litigation were either improper or untimely.

Both parties agree that Virgin Islands corporate law governs this case. While plaintiffs argue that Virgin Island law is unresolved on the question of authority to engage in litigation, we agree with the District Court that the statute makes clear that "every corporation" is "managed by a board of directors," unless otherwise provided by the statute or the corporation's articles of incorporation.[4] And, as the District Court explained, 13 V.I.C. § 65 permits the delegation to a committee of powers reserved to the board of directors provided that the committee is formed pursuant to a board resolution, consists of at least two members of the board, and otherwise conforms to any additional requirements in the corporation's bylaws or the resolution itself.[5] One of VITA's bylaws requires that a properly formed committee consist of at least three board members.

---

[3] *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003).
[4] 13 V.I.C. § 61.
[5] 13 V.I.C. § 65.

Because the litigation committee was not formed by a board resolution, in violation of 13 V.I.C. § 65, and included only two board members, in violation of VITA's bylaws, the District Court concluded the committee could not act on VITA's behalf. Rohn, on VITA's behalf, argues that adherence to corporate formalities is not the only means through which a corporation may delegate authority. In support, she cites to a case of this Court, *Schoonejongen v. Curtiss-Wright Corp.*, where we held that a corporate board "may freely delegate the authority to manage the business and affairs of the corporation," and that such authority may be express or implied.[6] The District Court concluded that *Schoonejongen* involved an application of Delaware corporate law, rather than Virgin Islands corporate law, and as such was inapplicable if Virgin Islands law commanded a different result. We find the District Court's analysis persuasive, as it relied on existing Virgin Islands law in rendering its conclusion that corporate authority may only be delegated to a properly-formed committee. Because the litigation committee was not properly vested with authority to act on VITA's behalf, it did not have authority, whether express or implied, to initiate the Federal litigation.

The District Court also determined that VITA's board had not otherwise authorized this action. This conclusion was based on, *inter alia*, the fact that six of the board's nine members were named as defendants in the amended complaint, a lack of any board minutes evincing authorization, and a repudiation of the District Court action by the board's president shortly after the action had been filed. Without any evidence that

---

[6] 143 F.3d 120, 127 (3d Cir. 1998).

could reasonably support the conclusion that VITA's board authorized this action, we agree that VITA's board did not independently authorize the filing of this suit.

Lastly, the District Court concluded that any attempts to ratify the decision to file the District Court action were either untimely or improper. Finding no applicable Virgin Islands law on ratification, the District Court properly relied on *FEC v. NRA Political Victory Fund*, where the Supreme Court held that ratification, which is governed by principles of agency law, requires "that the party ratifying . . . be able not merely to do the act ratified at the time the act was done, *but also at the time the ratification was made.*"[7] VITA's claims are all premised on harms that accrued in 2007 at the latest— nearly eight years prior to the ratification attempt, and beyond the statutes of limitations of each of VITA's claims, the longest of which is six years.[8] Following *NRA Political Victory Fund*,[9] the District Court determined that VITA's attempt in March 2015 to ratify this suit came too late to be effective. An earlier alleged attempt at ratification— occurring in July, 2010—mentioned only the re-hiring of Griffiths as VITA's attorney, without explicitly mentioning this lawsuit. We find the District Court's application of the Restatement appropriate in the case at hand, and accordingly we adopt its conclusion that any attempts at ratification were either untimely or improper. We will therefore affirm the dismissal of VITA's claims.

---

[7] 513 U.S. 88, 98 (1994).

[8] 5 V.I.C. § 31(3)(A) (imposing a six year statute of limitations for a breach of contract claim).

[9] 513 U.S. at 98 (explaining that where "an act to be effective in creating a right against another or to deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time" (quoting Restatement (Second) of Agency § 90)).

8

Three of the individually named plaintiffs had their claims dismissed for much the same reason that VITA's claims were dismissed: Rohn and Griffiths had no records from these plaintiffs that they had authorized the suit at the time it was filed, and their subsequent attempts to ratify the suit came too late to be effective. Given that the retainer agreements Rohn submitted were dated between February 7 and March 2, 2015, and no evidence of authorization to bring suit at the time the action was commenced was produced, we will affirm the dismissal of these claims as well.

**B.**

We next turn to the District Court's dismissal of the remaining plaintiffs' claims for failure to prosecute. We review this dismissal for abuse of discretion.[10]

Before dismissing a case for failure to prosecute, a court must consider and balance the factors identified by this Court in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[11]

The District Court gave thorough consideration to the *Poulis* factors, noting specifically that all but three of the individual plaintiffs had not appeared before the court or provided any indication of their desire to continue the action. The District Court further noted that, even without applying the *Poulis* factors, the individual plaintiffs' failures to comply with the court's orders would make dismissal appropriate because adjudication of the case had

---

[10] *Spain v. Gallegos*, 26 F.3d 439, 454 n.17 (3d Cir. 1994).
[11] 747 F.2d 863, 868 (3d Cir. 1984) (emphasis removed).

9

become impossible. The District Court's analysis on these issues was exhaustive, and therefore we find no abuse of discretion.

## III.

For the reasons set forth above, we will affirm the order of the District Court. Additionally, we will dismiss as moot Griffiths' appeal of her motion to withdraw as counsel.